**FAC**
Calder B. Gabroy, Esq.
Nevada Bar No. 14366
**CALDER B. GABROY, LTD.**
1810 East Sahara Avenue, Suite 582
Las Vegas, Nevada 89104-3707
Tel. No.: 702.728.5708
Fax No.: 702.207.2199
calder@caldergabroy.com
*Representing Plaintiff, Joseph Caywood*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Caywood,<br><br>Plaintiff(s)<br><br>v.<br><br>Mitchell Hovendick, Kyle Gerber, DOES I-X, ROES XI-XX<br><br>Defendant(s) | Case Number<br>2:23-cv-00884-GMN-BNW<br><br>First Amended Complaint |

### PLAINTIFF, JOSEPH CAYWOOD'S FIRST AMENDED COMPLAINT

### STATEMENT OF THE CASE

Plaintiff, Joseph Caywood, brings the instant suit for relief from claims against Defendant(s), including Abuse of Process, Civil Conspiracy, Concert of Action, Defamation, Fraudulent or Intentional Misrepresentation, Intentional Interference with Contractual Relation(s), Malicious Prosecution, Negligence, and for the Unjust Enrichment of Defendants.

### Parties

1. At all times relevant, Plaintiff Joseph Caywood was and is a resident of the State of Nevada and domiciled within the County of Clark.

2. The Parties herein are diverse, as briefed before the Court.[1]

---

[1] *See,* Doc. 12 at fn. 7, *citing* 28 U.S.C.S. § 1332 ("This Court gains subject matter jurisdiction over a case through diversity jurisdiction.").

3. On information and belief, Defendant, Mitchell Hovendick is a resident and/or domiciled in Texas or conducted business in the County of Clark, State of Nevada.

4. On information and belief, Defendant, Kyle Gerber is a resident and/or domiciled in Indiana and conducted business in the County of Clark, State of Nevada.

5. On information and belief, Defendants fictitiously named herein as Doe and Roe Defendants are believed to be responsible for the acts alleged, in whole or in part, and the names of such fictitious Defendants are unknown to Plaintiff.

6. Plaintiff may seek leave to amend the instant First Amended Complaint should names of fictitious Defendants be ascertained, or become known to Plaintiff, at which time Plaintiff will replace the names with the true names of those Defendants.

## Venue and Jurisdiction

7. Some or all the events or omissions giving rise to the Plaintiff's claim(s) occurred within the State of Nevada, and as alleged herein, and are within the jurisdiction of this Court.

8. This Court has appropriate subject matter and personal jurisdiction over the litigation as commenced, and the Parties are diverse, as briefed before this Court.[2]

9. The Southern Division of this Court is appropriately assigned because this matter was filed in the County of Clark, State of Nevada.

## Facts

10. Contracts were alleged to be entered into by the Parties herein, the basis of which became the subject of two or more lawsuits initiated by Defendants, three civil lawsuits

---

[2] *See,* Doc. 4. At 6:4-6 ("Diversity jurisdiction exists because Plaintiff, and Defendant(s) in this action are diverse, and not citizens of the same state.").

filed in the Eighth Judicial District Court in Clark County, Nevada,[3] and a Criminal Complaint initiated by Defendant, Mitchell Hovendick filed in the Las Vegas Justice Court,[4] and investigated in the States of Texas and Nevada.

11. Certain projects and causes subject to those contracts lead to the unjust enrichment of Defendants, the intended purpose and outcome of the enforcements by Defendants of the contract(s) resulting in illegality, fraud, and abuse of process.

12. Defendants misappropriated profits, and otherwise inflated profits to the detriment of Plaintiff.

13. Defendants rescinded or caused to be rescinded entire transactions and invalidated shares and considerations to Plaintiff.

14. Defendants falsely, or with reckless disregard, persuaded individuals, officials,[5] and directors in business that Mr. Caywood engaged in self-dealing or lack of consideration.

15. Defendants interacting in partnerships made or provided for false statements in certificates or in business transactions.

16. With reckless disregard to Plaintiff, Defendants maintained actions against the Plaintiff.

17. Defendants have acted with negligence, and deprived Plaintiff of his constitutional rights, causing damage and injury to the Plaintiff.

## Counts & Causes of Action

---

[3] *Mitchell Hovendick v. Joseph Caywood*, Case No. A-16-741259-C, *Mitchell Hovendick v. Joseph Caywood*, Case No. A-21-831200-C, *Kyle Gerber vs. Scorpex Inc, Defendant(s),* Case No. A-17-759027-C.
[4] *State of Nevada v. Joseph Darold Caywood*, Case No. 22-CR-034960, Las Vegas Justice Court, Notice of Dismissal Disposition and Judgment, filed July 28, 2023.
[5] *See generally, In re: Joseph D. Caywood,* United States Bankruptcy Court, District of Nevada, Case No. 21-11884-nmc, Meeting of Creditors.

### Count I – Abuse of Process – Against All Defendants

18. Defendants had an ulterior purpose other than resolving a legal dispute, and

19. Defendants willful act in use of process was not proper in the regular conduct of the proceeding.

20. As a result, Plaintiff sustained damages and injury caused by Defendants.

### Count II – Civil Conspiracy – Against All Defendants

21. Defendants, by acting in concert, intended to accomplish an unlawful objective for the purpose of harming Plaintiff; and

22. Plaintiff sustained damages and injury resulting from Defendants' act or acts.

### Count III – Concert of Action – Against All Defendants

23. Defendant acted with another, or Defendants acted together, to commit a tort while acting in concert or pursuant to a common design.

24. As a result, Plaintiff sustained damages or injury.

### Count IV – Defamation – Against All Defendants

25. Defendant(s) made false and defamatory statement(s) concerning Plaintiff.

26. An unprivileged publication of this statement was made to a third person.

27. Defendant(s) were at least negligent in making the statement(s); and

28. Plaintiff sustained actual or presumed damages or injury because of the statement(s).

### Count V – Fraudulent or Intentional Misrepresentation – Against All Defendants

29. Defendants made false representation(s),

30. Defendants knew or believed that Defendants presentation was false, or Defendants had an insufficient basis of information for making the representation(s).

31. Defendants intended to induce Plaintiff to act or refrain from acting upon the misrepresentation(s).

32. Plaintiff justifiably relied upon Defendants' representation(s), and

33. Plaintiff sustained damages and injury as a result.

### Count VI – Intentional Interference with Contractual Relations.
### (In the Alternative)

34. There exists or existed a valid contract between Plaintiff and third party.

35. Defendants knew of the contract.

36. Defendants committed intentional acts intended or designed to disrupt the contractual relationship.

37. Defendants intentionally interfered with contractual relations.

38. There was an actual disruption of the contract, and

39. Plaintiff sustained damages and injury as a result.

### Count VII – Intentional Interference with Prospective Economic Advantage

40. A prospective contractual relationship exists or existed between Plaintiff and a third party.

41. Defendants knew of this prospective relationship.

42. Defendants intended to harm plaintiff by preventing the relationship.

43. Defendants had no privilege or justification; and

44. Defendants' conduct resulted in actual harm to Plaintiff.

45. Plaintiff sustained damages and injury because of Defendants' Intentional Interference with Prospective Economic Advantage

### Count VIII – Malicious Prosecution – Against All Defendants

46. Defendants initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against Plaintiff.

47. Defendants lacked probable cause to commence the proceeding.

48. Defendants acted with malice.

49. The prior proceeding was terminated; and

50. Plaintiff sustained damages.

### Count IX – Negligence – Against All Defendants

51. Defendants owe a duty of care to Plaintiff.

52. Defendants breached said duty.

53. The breach was the legal cause of Plaintiff's injuries; and

54. Plaintiff suffered damages.

### Count X – Unjust Enrichment – Against All Defendants
### (In the Alternative)

55. Defendant(s) unjustly retained monies, benefit(s), or properties of Plaintiff or another against fundamental principles of justice or equity and good conscience.

### Demand for Relief

**WHEREFORE**, Plaintiff, Joseph Caywood, prays for the following relief against each Defendant:

56. An award of damages exceeding an amount of $15,000.00, or to be proven at trial or determined by the Finder of Fact.

57. A finding that Defendant(s) acted with malice, and for an award of punitive damages in an amount necessary to deter Defendants from acting in a similar fashion or as necessary to deter Defendant(s) conduct,

58. Attorney's fees, fees, and costs for each cause of action and claim of Plaintiff.

59. Pre-judgment and Post-judgment interest at the maximum amount allowed by law, and

60. For all other and necessary relief as is just and necessary under the premise.

### Demand And Right to a Jury Trial

As declared by the Seventh Amendment to the Constitution or as provided by Federal Statute, Plaintiff, Joseph Caywood demands the issues triable of right by a jury.[6]

**DATED** and **EXECUTED**: September 22, 2023          **CALDER B. GABROY, LTD.**

Calder B. Gabroy, Esq.
Nevada Bar No. 14366
**CALDER B. GABROY, LTD.**
1810 East Sahara Avenue, Suite 582
Las Vegas, Nevada 89104-3707
Tel. No.: 702.728.5708
Fax No.: 702.207.2199
calder@caldergabroy.com
*Representing Plaintiff, Joseph Caywood*

---

[6] *See generally, USCS Fed Rules Civ Proc R 38*.