# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Joseph Caywood, | Case No. 2:23-cv-00884-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER and** |
| Mitchell Hovendick, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The issues before this Court, in one way or another, stem from Plaintiff Joseph Caywood's failure to properly participate in his case. Mr. Caywood asserted ten factually deficient claims against Defendants Mitchell Hovendick and Kyle Gerber—and then, once Defendants filed their motions to dismiss and motions for sanctions, Mr. Caywood neither timely nor sufficiently responded. Now, the Court must decide five pending motions with little substantive briefing before it: a motion to dismiss and motion for sanctions by Mr. Gerber, a motion to dismiss and motion for sanctions by Mr. Hovendick, and a motion to withdraw by Mr. Caywood's counsel, Calder Gabroy. ECF Nos. 15, 19, 20, 27, 34.

Mr. Hovendick and Mr. Gerber urge this Court to grant their motions under Local Rule 7-2(d) for Mr. Caywood's failure to oppose them. While the Court refrains from automatically granting the motions under this local rule, it does consider it. As discussed below, the Court recommends that the motions to dismiss be granted in part and denied in part, that the motions for sanctions be denied without prejudice, and grants the motion to withdraw. The Court also recommends that Mr. Caywood be given leave to amend his complaint[1] as to Mr. Hovendick.

**I.  BACKGROUND**

Mr. Hovendick and Mr. Gerber frame this case as a retaliatory one. They allege that Mr. Caywood seeks revenge because Mr. Hovendick and Mr. Gerber each sued him in state court for

---

[1] The Court uses the term "complaint" throughout this Order and Report and Recommendation to refer to Mr. Caywood's operative complaint, filed at ECF No. 16 (First Amended Complaint).

1   fraud—and won. Both victories were based on Mr. Caywood's failure to participate in that case.
2   ECF No. 35 at 3; ECF No. 27 at 4.

3         In the present suit, Mr. Caywood alleges wrongdoing based on the state-court actions and
4   his business relationship with Mr. Hovendick and Mr. Gerber. ECF No. 1 at 2. His complaint
5   consists of conclusory and vague assertions that lack any specific factual basis. The claims
6   include defamation, malicious prosecution, civil conspiracy, and fraudulent misrepresentation,
7   among others. ECF No. 19 at 3. Mr. Hovendick and Mr. Gerber generally argue that these claims
8   are baseless. *Id.* at 4; ECF No. 27 at 12. Each moved to dismiss the case and for sanctions. ECF
9   Nos. 15, 19, 20, 27.

10         Mr. Caywood did not timely respond to any of the motions. ECF Nos. 22, 26, 36.
11   Subsequently, Mr. Hovendick and Mr. Gerber filed notices of non-opposition,[2] and asked the
12   Court to grant their motions under Local Rule 7-2(d). Mr. Caywood eventually filed late
13   responses, but none of them meaningfully opposed the motions. *See* ECF Nos. 22, 26, 36. One of
14   his documents was a multi-function "reply to response" that served as: (a) surreplies to the two
15   motions for sanctions and to Mr. Hovendick's motion to dismiss, (b) a response to Mr. Gerber's
16   motion to dismiss, and (c) a reply in support of the motion to withdraw. *See* ECF No. 36. In light
17   of the deficient complaint and late and non-substantive oppositions, the Court details how it will
18   resolve each motion below.

19        **II.   ANALYSIS**

20         Before turning to each motion, the Court addresses Mr. Caywood's improper filing at ECF
21   No. 36. Local Rule IC 2-2 explains that parties must file separate documents for "each type of
22   relief requested or purpose of the document." LR IC 2-2(b). Rule 7-2(b) states that "[s]urreplies
23   are not permitted without leave of court." LR 7-2(b). Additionally, the court "may strike
24   documents that do not comply with these rules." LR IC 7-1; *see, e.g.*, *Ready Transp., Inc. v. AAR*
25   *Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to
26   control their own dockets). First, the Court strikes Mr. Caywood's document at ECF No. 36 to the

---

[2] Mr. Gerber did not file a notice of non-opposition to his motion for sanctions. *See* ECF Nos. 20, 23.

extent it constitutes surreplies. However, the Court does not strike this document to the extent it serves as a response to Mr. Gerber's motion to dismiss or a reply in support of Mr. Gabroy's motion to withdraw. The Court now turns to the five motions before it. ECF Nos. 15, 19, 20, 27, 34.

### A. Mr. Gerber's motion to dismiss

Mr. Gerber argues that the Court should dismiss the complaint against him under Federal Rules of Civil Procedure 4(m) and 12(b)(5) because Mr. Caywood served him four months after the service deadline. ECF No. 27 at 10–11. Mr. Gerber asks the Court to dismiss the case with prejudice and to award him attorney's fees and costs for filing the motion. *Id.* Mr. Caywood responded to this motion more than three months after the deadline. ECF No. 36.

Mr. Gerber filed a notice of non-opposition, which asked the Court to grant his motion as unopposed under Local Rule 7-2(d). ECF No. 29. Under this rule, "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Filing a late response comprises a failure "to file points and authorities in response" to a motion. *U.S. Bank Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:17-CV-1319-JCM-GWF, 2017 WL 2990852, at *2 (D. Nev. July 13, 2017). Courts may resolve motions to dismiss under LR 7-2(d). *Camp v. LexisNexis Consumer Ctr.*, No. 2:21-CV-01188-CDS-EJY, 2022 WL 3370139, at *1 (D. Nev. Aug. 15, 2022). "[A] district court is not required to examine the merits of an unopposed motion to dismiss before granting it [under a local rule]." *Id.* (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).

Here, the Court construes Mr. Caywood's late filing as consent to the granting of this motion because his response was over three months late. *See U.S. Bank Nat'l Ass'n*, 2017 WL 2990852, at *2; *see also* ECF No. 36. Even if the Court were to consider the response, it would find that the contents do not meaningfully respond to Mr. Gerber's motion. The response, which also served as replies to four other motions, hardly mentions the service issue. *See* ECF No. 36. Mr. Caywood only offers that Mr. Gerber refused to accept service to oppose the arguments made regarding dismissal. *Id.* at 5.

1          In determining whether to dismiss a claim under LR 7-2(d), courts must weigh the
2   following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's
3   need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy
4   favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
5   *Andreaccio v. Nye Cnty.*, No. 2:23-CV-00635-CDS-EJY, 2023 WL 4747406, at *1 (D. Nev. July
6   25, 2023) (citing *Ghazali*, 46 F.3d at 53). Here, the first two factors weigh in favor of dismissing
7   Mr. Caywood's claims because dismissal may resolve this litigation and will aid the Court in
8   managing its caseload. The third factor also weighs in favor of dismissal because a presumption
9   of injury arises when a party unreasonably delays in filing a pleading ordered by the court or
10  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). This
11  presumption applies here because Mr. Caywood filed his response to this motion over three
12  months late, and because he has consistently filed late and non-responsive oppositions in this
13  case. ECF No. 36.
14         The fourth factor (favoring disposition of cases on their merits) seems to weigh against
15  dismissal because the Court is not evaluating the merits of the motion. However, this district has
16  found that when "dismissal is without prejudice, a disposition on the merits is still possible."
17  *State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-CV-01541-RCJ-RJJ, 2009 WL 4280282, at
18  *3 (D. Nev. Nov. 30, 2009). Because the Court seeks to dismiss the case against Mr. Gerber
19  without prejudice, this factor remains neutral. Lastly, the fifth factor requires the court to consider
20  whether less drastic alternatives can be used to correct the party's failure that brought about the
21  court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal
22  before finally dismissing a case, but must explore possible and meaningful alternatives."
23  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Here, Mr. Caywood has neither
24  shown that he properly served Mr. Gerber, nor has he attempted to re-serve him. Mr. Caywood
25  has repeatedly failed to timely respond to Mr. Hovendick and Mr. Gerber's motions, and his
26  oppositions do not address their arguments in any meaningful way. Any sanction short of
27  dismissal without prejudice would not correct Mr. Caywood's behavior because he has had ample
28  time and opportunity to address or move to correct the service issue but has not done so.

In sum, factors one, two, three, and five weigh in favor of dismissal. Factor four, at the very least, does not weigh against dismissal. In balance, the factors favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal). Therefore, the Court recommends that Mr. Gerber's motion be granted in part. While the Court recommends dismissal, it does so without prejudice based on the language in Rule 4(m), discussed above. Additionally, the Court does not recommend an award of attorney's fees and costs for filing this motion because Mr. Gerber did not put forth a legal ground for the Court to do so.

### B. Mr. Gerber's motion for sanctions

Mr. Gerber seeks to sanction Mr. Caywood under Federal Rule of Civil Procedure 11(c) for filing his complaint for an improper purpose, for presenting claims and other legal contentions that are not warranted by existing law or by nonfrivolous argument, and for making factual contentions that lack evidentiary support. ECF No. 20 at 10–11. He asks this Court to award "appropriate" sanctions against Mr. Caywood and Mr. Gabroy, including monetary sanctions. *Id.* at 12. Mr. Caywood opposed this motion three days after the deadline. ECF No. 22. Given the marginally late opposition, the Court does not recommend granting the motion under Local Rule 7-2(d).

The Court declines to entertain sanctions at this point. Courts have wide discretion in determining sanctions under Rule 11. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). "The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation." Fed. R. Civ. P. 11, Advisory Committee Notes (1983). "Courts within the Ninth Circuit routinely defer Rule 11 motions regarding the pleadings until the case is resolved on its merits." *MI-94, LLC v. Chemetall US, Inc.*, No. 2:23-CV-00647-CDS-DJA, 2023 WL 8186618, at *5 (D. Nev. Nov. 27, 2023).

Because the Court recommends dismissal of the claims against Mr. Gerber without prejudice for failure to oppose the motion, this case is not being decided on the merits and may

1  not be at the end of litigation. For example, Mr. Caywood may re-assert these claims and properly
2  serve Mr. Gerber. At that point, Mr. Gerber may re-file his motion for sanctions with supporting
3  evidence. Finally, the Court warns Mr. Caywood that, should he bring these claims again, he must
4  cure the deficiencies in his complaint as discussed in detail below. If Mr. Caywood re-files his
5  deficient complaint or continues to not participate in his case, the Court may find that severe
6  sanctions are necessary.

### C. Mr. Hovendick's motion to dismiss

Mr. Hovendick seeks to dismiss the complaint against him on numerous legal bases. Mr. Caywood filed his response five days after the deadline. *See* ECF No. 22. His response lacked points and authorities that opposed Mr. Hovendick's motion. *See id.* Still, the Court does not recommend granting Mr. Hovendick's motion under LR 7-2(d) because the response was only five days late and granting the motion would require dismissal with prejudice and an award of attorney's fees under his anti-SLAPP argument. *See Rebel Commc'ns, LLC v. Virgin Valley Water Dist.*, No. 2:10-CV-0513-LRH-GWF, 2012 WL 3135683, at *1 (D. Nev. Aug. 1, 2012) (finding that any dismissal under Nevada's anti–SLAPP statute operates as an adjudication on the merits and requires dismissal with prejudice). Additionally, because the Court must give Mr. Caywood leave to amend, as discussed below, it considers each ground for dismissal so that Mr. Caywood is aware of the numerous deficiencies in his complaint. Thus, the Court evaluates the merits of Mr. Hovendick's motion to dismiss.

### 1. Anti-Slapp

First, the Court considers Mr. Hovendick's argument that the Court should dismiss the complaint with prejudice and award him attorney's fees and costs under Nevada's anti-SLAPP statute. ECF No. 19 at 4–5. This statute, codified at §§ 41.635–41.670, sets forth a two-part, burden-shifting test. First, the Court must determine "whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." Nev. Rev. Stat. § 41.670(3)(a). A good-faith communication is defined as any:

> 1. Communication that is aimed at procuring any governmental or electoral action, result or outcome;
> 2. Communication of information or a complaint to a Legislator, officer or employee of the Federal Government, this state or a political subdivision of this state, regarding a matter reasonably of concern to the respective governmental entity;
> 3. *Written or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law*; or
> 4. Communication made in direct connection with an issue of public interest in a place open to the public or in a public forum,
> 
> *which is truthful or is made without knowledge of its falsehood*.

Nev. Rev. Stat. § 41.637 (emphasis added). When examining whether the defendant has met its burden under the first step of this test, courts consider whether (a) the communication falls into one of the four categories under NRS § 41.637 and (b) was truthful or made without knowledge of its falsity. *Moreira-Brown v. Las Vegas Rev. J., Inc.*, 648 F. Supp. 3d 1278, 1284 (D. Nev. 2023), *aff'd*, No. 23-15143, 2024 WL 1596456 (9th Cir. Apr. 12, 2024). Under the second step, the burden shifts to the plaintiff to demonstrate, with prima facie evidence, a probability of prevailing on the claim. Nev. Rev. Stat. § 41.670(3)(b).

Considering the first step Mr. Hovendick must meet, the Court acknowledges the difficulty of meeting his burden of proof given the factual deficiencies in Mr. Caywood's complaint. Still, the Court must find that Mr. Hovendick has not met his burden. To start, Mr. Hovendick does not identify what good-faith communications underly his anti-SLAPP motion. He implies that the supposed good-faith communications fall under NRS § 41.637(3) (above) by citing this specific section of the statute and noting that Mr. Caywood's claims stem from legal proceedings in state court. ECF No. 19 at 4–5. The Court presumes Mr. Hovendick is arguing that the good-faith communications arose from the state-court suit and fall under NRS § 41.637(3) because they were "made in direct connection with an issue under . . . a judicial body . . . ."

Even assuming such presumptions, Mr. Hovendick does not prove by a preponderance of the evidence that the good-faith communications fall under NRS § 41.637(3) because he does not explain what specific good-faith communications are at issue. Thus, the Court cannot determine whether such communications meet the requirements of NRS § 41.637 or which are the claims that must be dismissed pursuant to the anti-SLAPP motion. While the Court may conclude that Mr. Hovendick's anti-SLAPP argument applies to claims such as malicious prosecution, it is

1   unclear how this argument applies to other claims, such as intentional interference with
2   contractual relations or prospective economic advantage.
3     Further considering the first step, Mr. Hovendick does not address the latter part of NRS
4   § 41.637, which goes on to define a good-faith communication as one that is truthful or made
5   without knowledge of its falsehood. When evaluating this part of the statute, courts may consider
6   attached affidavits or other evidence. *Coker v. Sassone*, 432 P.3d 746, 749 (2019); *Rosen v.*
7   *Tarkanian*, 453 P.3d 1220, 1223 (2019) (citing *Coker*, 432 P.3d at 750) (stating that courts "must
8   look to the evidence that [the party] provided" if the defendant does not attach an affidavit). Here,
9   Mr. Hovendick provides neither. *See* ECF No. 19 at 5. The exhibit attached to his motion, an
10  order from the state court that sanctioned Mr. Caywood for his failure to participate in the case,
11  does not prove that Mr. Hovendick's communications in the legal proceeding were truthful. *See*
12  ECF No. 19-2.
13    Therefore, the Court cannot conclude that Mr. Hovendick has met his burden to show, "by
14  a preponderance of the evidence, that the claim is based upon a good faith communication," as
15  defined by NRS § 41.637. Given this finding, the Court need not evaluate the second prong. *See*
16  *Rosen*, 453 P.3d at 1223 ("Only after the movant has shown that he or she made the protected
17  statement in good faith do we move to prong two . . . ."). Accordingly, the Court recommends
18  that Mr. Hovendick's motion to dismiss be denied on anti-SLAPP grounds because he has not
19  met his burden as to the first step.

    2. *Subject-matter jurisdiction*

21    Second, Mr. Hovendick argues that the Court should dismiss the complaint because Mr.
22  Caywood does not allege sufficient facts to establish subject-matter jurisdiction. ECF No. 19 at 6.
23  In particular, Mr. Hovendick contends that Mr. Caywood has not sufficiently alleged that his
24  damages exceed $75,000 to meet diversity-jurisdiction requirements. *Id.* at 7; 28 U.S.C. 1332(a)
25  (stating that subject-matter jurisdiction based on diversity of citizenship requires an amount in
26  controversy in excess of $75,000). Where a plaintiff first brings their claims in federal court, "the
27  amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus*
28  *Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). The alleged amount in controversy controls so

long as the claim is made in good faith. *Id.* "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation omitted).

This legal certainty test makes it difficult for courts to dismiss cases due to not satisfying the jurisdictional amount. *Naffe v. Frey*, 789 F.3d 1030, 1039–40 (9th Cir. 2015). "Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* (citing *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986)).

Here, neither Mr. Hovendick nor Mr. Caywood address any of the factors. *See* ECF Nos. 19, 22. Given the Court's review of the limited facts, it finds that factors one and two do not apply here. While it is possible that some undisclosed facts *could* show that Mr. Caywood's claimed amount was merely to obtain federal court jurisdiction (factor three), such facts are not currently before the Court. Therefore, the Court cannot say—to a legal certainty—that Mr. Caywood's claims are for $75,000 or less. It recommends that Mr. Hovendick's motion to dismiss be denied on this ground.

### 3. Claim preclusion

Third, Mr. Hovendick argues that this Court lacks subject-matter jurisdiction over Mr. Caywood's claims because they arise from the underlying state-court suits, and therefore, Mr. Caywood is precluded from bringing them here. ECF No. 19 at 7. Nevada law concerning claim preclusion applies here. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). In Nevada, courts consider a three-part test to determine if a claim is precluded: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1208 (D. Nev. 2009) (quoting *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008)). The party seeking to preclude a claim has the burden of proving the preclusive effect of the judgment. *Bower v. Harrah's Laughlin, Inc.*, 215

P.3d 709, 718 (2009), *holding modified by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869 (2013).

Here, Mr. Hovendick cites the above three-factor test but does not address each factor. ECF No. 19 at 7. He does not explain whether the parties are the same (factor one) or whether the order granting sanctions in the underlying case was a final and valid judgment (factor two). *See id.* Mr. Hovendick does state that "the basis of Plaintiff's claims are matters related to lawsuits filed in the Eighth Judicial District Court" (factor three) but not much more. It is difficult to determine what conduct forms the basis of the present action given Mr. Caywood's deficient complaint, and thus whether he could have brought the claims in the underlying lawsuit. In sum, the Court recommends that Mr. Hovendick's motion be denied on this ground because he failed to meet his burden to prove that claim preclusion applies here.

### 4. Personal jurisdiction

Fourth, Mr. Hovendick argues that Mr. Caywood failed to allege sufficient facts to establish that this Court has personal jurisdiction over him. ECF No. 19 at 7. A defendant may move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A plaintiff need only make "a prima facie showing of jurisdictional facts." *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).

To carry his burden, the plaintiff must show that (1) personal jurisdiction is proper under the laws of the state in which jurisdiction is asserted; and (2) the exercise of jurisdiction does not violate the defendant's due process rights. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994). Because Nevada's long-arm statute is co-extensive with the limits of due process, courts need only evaluate a single inquiry: whether jurisdiction is constitutional, i.e., whether it comports with the federal due process requirements. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985).

A court's exercise of jurisdiction over a defendant is constitutional when he has "certain minimum contacts" in the relevant forum such that the suit does not "offend traditional notions of

fair play and substantial justice." *International Shoe v. State of Washington*. 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction: general and specific. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). For general jurisdiction to exist over a nonresident defendant like Mr. Hovendick, the defendant must engage in "continuous and systematic general business contacts" that amount to a physical presence in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). For specific jurisdiction to exist, three requirements must be met: (1) the nonresident defendant must purposefully direct his activities at, or purposefully avail himself of, the forum state; (2) the claim must relate to the defendant's forum-related activities; and (3) jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 802.

Here, Mr. Caywood, in both his complaint and opposition, fails to plead personal jurisdiction. Indeed, Mr. Caywood's opposition includes only one sentence to address this issue. He states that his complaint and claims "are not subject to dismissal by way of Federal Rules of Civil Procedure, Rule 12." ECF No. 22 at 2. This sentence contains a footnote, but neither the footnote nor the rest of the opposition contain any analysis. *Id.* at 2 n.3

Turning to his complaint, he states that Mr. Hovendick "is a resident and/or domiciled in Texas or conducted business in the County of Clark, State of Nevada," that the Court has "personal jurisdiction over the litigation as commenced," and that "contracts were alleged to be entered into by the Parties." *Id.* at 2. But none of these allegations, even taken as true, establish that Mr. Hovendick had "continuous and systematic general business contacts" in Nevada (general jurisdiction). Moreover, the statement "or conducted business in . . . Nevada" is not a prima facie showing of specific jurisdiction because it does not affirmatively state that Mr. Hovendick conducted business here given the "or" clause. Additionally, Mr. Caywood does not explain in which state the parties entered into the contracts or what law governs. Thus, the Court cannot determine that Mr. Hovendick purposefully availed himself of the state of Nevada (prong one of the specific-jurisdiction test) based on vague assertions regarding contracts. Mr. Caywood does not address the other two factors.

In sum, Mr. Caywood has not met his burden to show that personal jurisdiction exists because his complaint lacks sufficient facts, and his opposition is devoid of facts and law on the matter. The Court recommends that Mr. Hovendick's motion to dismiss be granted on this ground but recommends he be given leave to amend. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 838 (N.D. Cal. 2021) (dismissing complaint for lack of personal jurisdiction, among other grounds, but allowing leave to amend); *see also Scanlon v. Curtis Int'l Ltd.*, 465 F. Supp. 3d 1054, 1068 (E.D. Cal. 2020) ("For the reasons set forth above, Defendant Technicolor SA's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction (Doc. No. 18) is GRANTED with leave to amend.").

     5.   *Venue*

Fifth, Mr. Hovendick argues that Mr. Caywood has not sufficiently alleged that this district is the proper venue. ECF No. 19 at 10. "Once a defendant moves to dismiss, it is the plaintiff's burden to establish that venue is properly in this district." *Nat'l Fitness Co. v. Procore Labs., LLC*, No. 2:10-CV-2168-JCM-RJJ, 2011 WL 2463296, *1 (D. Nev. June 20, 2011) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). "[T]he pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). Venue in a civil action is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, the first factor does not apply because Mr. Hovendick and Mr. Gerber reside in different states. ECF No. 16 at 2. Further, Mr. Caywood has not met his burden to show that the second factor applies here. He makes no mention of venue in his opposition. The one statement regarding venue in his complaint is vague: "Some or all the events or omissions giving rise to the Plaintiff's claim(s) occurred within the State of Nevada, and as alleged herein, and [sic] are within the jurisdiction of this Court." *Id.* The assertion that "some or all" of the events underlying

his claims took place in Nevada does not establish that a "substantial part" of such events took place here, particularly when Mr. Caywood has provided nothing else for the Court to consider. *See id.* As to factor three, it is true that Mr. Gerber resides in Nevada, but Mr. Caywood does not allege facts that show that this action can be brought nowhere else. Additionally, given that the complaint is so factually deficient, and the briefings are similarly factually devoid, there are no applicable facts outside of the pleadings for the Court to consider.

Altogether, Mr. Caywood has not met his burden to show that venue is proper here. Typically, if a court finds that venue is improper, then it must either dismiss the action or transfer the case to a different district, in its discretion. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). This district may very well be the proper venue, but Mr. Caywood has not alleged sufficient facts to prove so. Courts in the Ninth Circuit in similar situations have given the plaintiff leave to amend. *See Munns v. Clinton*, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011); *see also Sanders v. Experian Info. Sols., Inc.*, No. 16-CV-04650-BLF, 2017 WL 1425918 (N.D. Cal. Apr. 21, 2017) (finding that the plaintiff did not offer sufficient argument as to the venue factors and therefore granting the motion to dismiss but giving the plaintiff leave to amend). Therefore, the Court recommends that Mr. Hovendick's motion to dismiss be granted on this ground but that he be given leave to amend.

*6. Rule 12(b)(6) - failure to state a claim upon which relief can be granted*

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although Rule 8 does not demand detailed factual allegations, a properly pled claim must include enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. This standard means that the alleged facts must rise "above the speculative level." Essentially, the law strikes a balance between allowing meritorious lawsuits and protecting against frivolous ones.

District courts use a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept all well-pled factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678–79. However, it need not accept legal conclusions as

true. *Id.* Simply reciting the elements of a claim with only conclusory statements is insufficient. *Id.* Second, the court considers whether the well-pled factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to reasonably infer the defendant's liability for the alleged misconduct. *Id.*

Here, the Court first examines Mr. Caywood's complaint and accepts any well-pled factual—but not legal—allegations as true. Below are examples of some of the facts that Mr. Caywood alleges:

- "Contracts were alleged to be entered into by the Parties, the basis of which became the subject of two or more lawsuits initiated by Defendants . . . ."
- "Certain projects and causes subject to those contracts lead [sic] to the unjust enrichment of Defendants . . . ."
- "Defendants misappropriated profits, and otherwise inflated profits to the detriment of Plaintiff."
- "Defendants rescinded or caused to be rescinded entire transactions and invalidated shares and considerations to Plaintiff."

ECF No. 16 at 3. The remaining allegations are equally devoid of substantive facts, and Mr. Caywood's causes-of-action section suffers from the same infirmities. *See id.* This complaint is precisely the type of insufficient pleading that the law warns against because it is filled with conclusory statements that lack any factual substance. For example, Mr. Caywood mentions "contracts" but does not explain when or where the parties entered into the contracts, or what the terms of the contract were. *Id.* Additionally, his contentions that "Defendants misappropriated profits" and "acted with negligence" lack supporting facts and merely recite Mr. Caywood's causes of action.

Next, the Court considers whether the factual allegations state a plausible claim for relief. Even accepting the pled facts as true, the Court cannot find that they state a plausible claim for relief because the complaint is almost completely devoid of facts. Mentions of "contracts," "certain projects," and "inflated profits," without more, only allow this Court to speculate as to whether Mr. Hovendick and Mr. Gerber are liable for the claims against them. ECF No. 16 at 3–

5. At most, the complaint creates a "mere possibility" that Mr. Hovendick and Mr. Gerber are liable. Accordingly, the Court must recommend that the complaint be dismissed under Rule 12(b)(6). *See United States v. U.S. Telecom Long Distance, Inc.*, No. 2:17-CV-02917-JAD-NJK, 2018 WL 4566673, at *1 (D. Nev. Sept. 24, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("A complaint that does not permit the court to infer more than the mere possibility of misconduct has 'alleged—but not shown—that the pleader is entitled to relief,' and it must be dismissed.").

Federal Rule of Civil Procedure 15 permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). This district has granted leave to amend when the plaintiff "may be able to plead additional facts to support" its causes of action. *Patel v. Am. Nat'l Prop. & Cas. Co.*, 367 F. Supp. 3d 1186, 1194–95 (D. Nev. 2019). Similarly here, Mr. Caywood may be able to plead additional facts to cure the deficiencies in his complaint. Therefore, the Court recommends that Mr. Caywood be granted leave to amend his complaint as to Mr. Hovendick. The Court instructs Mr. Caywood that, should he choose to file an amended complaint, it must cure all the deficiencies outlined in this Order and Report and Recommendation.

       7.   Remaining Legal Grounds: Rules 9(b) and 41(b)

Mr. Hovendick also argues that Mr. Caywood's fraud claim should be dismissed under Rule 9(b) because it is not pled with particularity and that the complaint should be dismissed under Rule 41(b) because it does not comply with other Federal Rules of Civil Procedure. ECF No. 19 at 6, 12. As discussed above, the Court recommends that all of Mr. Hovendick's claims be dismissed because they lack sufficient facts and fail to state claims upon which relief can be granted. Therefore, any further dismissal under Rules 9(b) and 41(b) would be moot and the

Court recommends they be denied on that ground. The Court warns Mr. Caywood that, should he amend his complaint, his fraud claim must be plead in accordance with Rule 9(b).

### D. Mr. Hovendick's motion for sanctions

Mr. Hovendick argues that the Court should sanction Mr. Caywood under Federal Rule of Civil Procedure 11(c) because he filed his complaint for an improper purpose and because his claims and other legal contentions are not warranted by existing law. ECF No. 15 at 3–6. Plaintiff responded almost four months late. *See* ECF No. 26.

Though the Court could grant the motion under Local Rule 7-2(d), it declines to entertain sanctions at this point. Because the Court recommends that Mr. Caywood be given leave to amend, this case may not be at the end of litigation. *See* Fed. R. Civ. P. 11, Advisory Committee Notes (1983). Additionally, based on the limited facts before the Court, it cannot conclude that Mr. Caywood brought this case for an improper purpose. This is not to say that the Court could never find so. Thus, it recommends that Mr. Hovendick's motion be denied without prejudice. The Court reiterates that should Mr. Caywood file an amended complaint that is factually deficient or continue to fail to participate in this case, Mr. Hovendick may re-file his motion for sanctions.

### E. Mr. Gabroy's motion to withdraw as counsel

Mr. Gabroy moves to withdraw as counsel under Local Rule IA 11-6 because Mr. Caywood discharged him. ECF No. 34 at 2–3. This local rules states that an attorney who seeks to withdraw by motion must serve it on the client and opposing counsel. LR IA 11-6(b). It also states that no withdrawal "will be approved if it will result in delay" of the case, unless the attorney shows good cause. LR IA 11-6(e). Mr. Gabroy's certificate of service shows that he served the motion on Mr. Caywood and opposing counsel, and Mr. Gabroy contends that a delay will not result from his withdrawal. ECF No. 34 at 4–5. Mr. Hovendick and Mr. Gerber filed a joint opposition, in which they generally contend that the Court should not allow Mr. Gabroy to withdraw because they want him to remain liable for potential sanctions. ECF No. 35 at 6. Based on this concern, Mr. Hovendick and Mr. Gerber argue that Mr. Gabroy's withdrawal would prejudice them.

"An attorney may withdraw from a case unless there is a compelling reason for continued representation." *Sec. & Exch. Comm'n v. Beasley*, No. 2:22-CV-0612-CDS-EJY, 2022 WL 16823311, at *1 (D. Nev. Aug. 9, 2022) (citing *Hepple v. Kulge*, 104 Cal. Ap. 2d 461, 462 (1951)). When evaluating a motion to withdraw, the Court may consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of a case. *Id.*

Here, Mr. Gabroy contends that he seeks withdrawal because Mr. Caywood terminated him (factor one), that his withdrawal will not harm the other parties because discovery is stayed (factor two), that his withdrawal will not harm the administration of justice because he gave Mr. Caywood reasonable notice and returned all papers and client property (factor three), and that no delay will result from withdrawal because it will not adversely impact Mr. Caywood (factor four). ECF No. 34 at 3–4. Mr. Hovendick and Mr. Gerber only seem to dispute factor two, prejudice, because they want Mr. Gabroy to be held responsible for his alleged impermissible conduct. ECF No. 35 at 5.

Considering each of the parties' arguments, there is no compelling reason to deny the motion. *See Beasley*, 2022 WL 16823311, at *1 (citing *Hepple*, 104 Cal. Ap. 2d at 462). The Court focuses on factor two, prejudice, because it is the only factor the parties seem to dispute. The Court finds that defendants' concern regarding Mr. Gabroy evading sanctions is unfounded. First, because the Court is not imposing sanctions at this point, there are no sanctions for Mr. Gabroy to evade. Second, the Ninth Circuit has found that attorneys remain liable for Rule 11 sanctions even after they withdraw from a case. *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). "The signing requirement in Rule 11 makes clear that any attorney who, at any time, certified to the court that a pleading complies with Rule 11 is subject to the rule, even if the attorney later withdraws from the case." *Id.* And third, district courts retain jurisdiction to consider collateral matters, such as Rule 11 sanctions or motions for attorney's fees, even after dismissal. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Accordingly, the Court grants Mr. Gabroy's motion to withdraw.

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that Mr. Gerber's motion to dismiss (ECF No. 27) be granted in part and denied in part. The Court recommends dismissal against him without prejudice and not to award attorney's fees.

**IT IS FURTHER RECOMMENDED** that Mr. Gerber's motion for sanctions (ECF No. 20) be denied without prejudice.

**IT IS FURTHER RECOMMENDED** that Mr. Hovendick's motion to dismiss (ECF No. 19) be granted in part and denied in part. The Court recommends that Mr. Hovendick's motion be granted on the basis that Mr. Caywood's complaint does not sufficiently allege personal jurisdiction, venue, or claims upon which relief may be granted. However, the Court recommends that Mr. Caywood be granted leave to amend his complaint as to Mr. Hovendick to remedy these deficiencies. Given that Mr. Caywood will need to find new counsel should he wish to amend his complaint, the Court gives him 45 days from the date of this Order and Report and Recommendation to amend.

**IT IS FURTHER RECOMMENDED** that Mr. Hovendick's motion for sanctions (ECF No. 15) be denied without prejudice.

**IT IS ORDERED** that Mr. Gabroy's motion to withdraw (ECF No. 34) is granted.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 23, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE