**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH CAYWOOD, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MICHAEL HOVENDICK, *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No.: 2:23-cv-00884-GMN-BNW <br><br> **ORDER ADOPTING REPORT & RECOMMENDATION** |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 37), of United States Magistrate Judge Weksler, which recommends GRANTING in part Defendants Kyler Gerber and Mitchell Hovendick's Motions to Dismiss, (ECF Nos. 19, 27), and dismissing Plaintiff Joseph Caywood's First Amended Complaint, (ECF No. 16), without prejudice and with leave to amend.  She further recommends DENYING Defendants' Motion for Sanctions, (ECF Nos. 15, 20).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. D. Nev. R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).  Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States*

*v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed.[1] (*See* R&R, ECF No. 37) (setting an August 6, 2024, deadline for objections).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 37), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Defendants Motions to Dismiss, (ECF Nos. 19, 27), are **GRANTED in part** and **DENIED in part**, and their Motion for Sanctions, (ECF Nos. 15, 20), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint, (ECF No. 16), is **DISMISSED** without prejudice. In light of Plaintiff's *pro se* status, he shall have 45 days from the date of this Order to file an amended complaint that corrects the deficiencies set forth in the Magistrate Judge's R&R. Failure to file an amended complaint will result in the dismissal of this action with prejudice.

Dated this __7__ day of August, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] In the Magistrate Judge's R&R, she also granted Plaintiff's counsel's Motion to Withdraw as Attorney, (ECF No. 34). So, at the time of this Order, Plaintiff is now proceeding *pro se*. The Court still adopts the R&R despite this change for two reasons. First, the R&R was mailed to Plaintiff's address listed on the docket. Therefore, he received notice of the Magistrate Judge's disposition and the deadline to file an objection. Second, and related to the first, because Plaintiff had notice, it is his responsibility to comply with this Court's Local Rules and manage deadlines. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("Pro se litigants are not excused from following court rules[.]").